John Acitelli, Appellant, *v.* Westmont Hilltop School District, Appellee.

Argued May 10, 1974, before Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. President Judge BOWMAN did not participate.

*William K. Eckel,* with him *Abood, Rodkey & Eckel,* for appellant.

*Wayne G. Wolfe,* with him *Spence, Custer, Saylor, Wolfe & Rose,* for appellee.

OPINION BY JUDGE BLATT, September 20, 1974:

John Acitelli (Acitelli), the appellant, did not have his teaching contract renewed by the Westmont Hilltop School District after he had received an unsatisfactory rating for the last semester of his two-year employment at the Westmont Hilltop Junior High School. He appealed the action taken by the District School Board (Board) to the Court of Common Pleas of Cambria County, which affirmed the Board's action, and he has now appealed to this Court.

Acitelli had been originally employed under the classification of "temporary professional employe," as defined in Section 1101(3) of The Public School Code of 1949, Act of March 10, 1949, P. L. 30, *as amended,* 24 P.S. §11-1101(3).[1] He was to teach Spanish for the 1970-71 school year.[2] He continued teaching under an extended contract during the 1971-72 school year. For both semesters of the 1970-71 school year and for the first semester of the 1971-72 year, his services were rated satisfactory under the procedures prescribed by

___

[1] "The term 'temporary professional employe' shall mean any individual who has been employed to perform, for a limited time, the duties of a newly created position or of a regular professional employe whose services have been terminated by death, resignation, suspension or removal."

[2] During 1970-71 Acitelli divided his teaching time between the Junior High School and Senior High School of the Westmont Hilltop School District.

Section 1123 of The Public School Code of 1949, 24 P.S. §11.1123. He received an unsatisfactory rating, however, for the second semester of the 1971-72 school year and he was thereupon notified by the chief school administrator that his contract would not be renewed. He was thus denied the opportunity to gain tenure as a "professional employe." Section 1108(b) of The Public School Code of 1949, 24 P.S. §11-1108(b).[3]

Acitelli requested a hearing before the Board, which was refused. He then appealed to the Court of Common Pleas of Cambria County demanding such a proceeding pursuant to the Local Agency Law, Act of Dec. 2, 1968, P. L. 1133, §4, 53 P.S. §11304, and a hearing was ordered by the court. When the hearing opened on March 23, 1973, testimony was taken before six members of the nine-man Board, and seven members of the Board concluded the hearing at a session on April 12, 1973.

On June 18, 1973, six members of the Board met and voted unanimously to affirm the administrator's decision to refuse renewal of Acitelli's teaching contract. Of those voting, three members had attended both hearing sessions, two had attended only the second session, and one had not attended either session. An

---

[3] "A temporary professional employe whose work has been certified by the district superintendent to the secretary of the school district, during the last four (4) months of the second year of such service, as being satisfactory shall thereafter be a 'professional employe' within the meaning of this article. The attainment of this status shall be recorded in the records of the board and written notification thereof shall be sent also to the employe. The employe shall then be tendered forthwith a regular contract of employment as provided for professional employes. No professional employe who has attained tenure status in any school district of this Commonwealth shall thereafter be required to serve as a temporary professional employe before being tendered such a contract when employed by any other part of the public school system of the Commonwealth."

adjudication was issued, which contained the Board's findings of fact and legal reasons supporting its decision. Thereafter, pursuant to Section 7 of the Local Agency Law, 53 P.S. §11307, Acitelli again appealed to the Court of Common Pleas of Cambria County, which, as above indicated, affirmed the Board's decision, and this appeal followed.

On an appeal brought under the Local Agency Law when, as here, a complete record of the proceedings before the local agency was made and no additional testimony was taken before the court below, we are required to affirm the action of the local agency unless we find that it was in violation of the constitutional rights of the appellant, or that the agency manifestly abused its discretion or committed an error of law, or that any finding of fact made by the agency and necessary to sustain its adjudication is not supported by substantial evidence. *West Whiteland Township v. Sun Oil Co.*, 12 Pa. Commonwealth Ct. 159, 316 A.2d 92 (1974). Acitelli urges here that the School Board's adjudication is not supported by substantial evidence.

Substantial evidence, of course, is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Tomlinson Agency v. Pennsylvania Human Relations Commission*, 11 Pa. Commonwealth Ct. 227, 312 A. 2d 118 (1973); *A. P. Weaver and Sons v. Sanitary Water Board*, 3 Pa. Commonwealth Ct. 499, 284 A. 2d 515 (1971). We must, therefore, review the entire record to determine whether or not substantial evidence was presented to support the facts found by the adjudicating agency.

It is obvious that three prior satisfactory ratings do not of themselves entitle a teacher to a fourth. It is equally obvious that four, not three, such ratings are required for a temporary professioal employee to be-

come entitled to the tenure status of a permanent teacher. *Travis v. Teter*, 370 Pa. 326, 87 A. 2d 177 (1952). Acitelli, therefore, can clearly be denied permanent employment in the Westmont Hilltop School District solely on the basis of his unsatisfactory rating for the final four months of his required two year period as a temporary professional employee. The question, therefore, is: Was the unsatisfactory rating of Acitelli in the Spring of 1972 supported by substantial evidence? After a careful review of the record, we must agree with the court below that it was.

The testimony discloses that evaluations of temporary professional employees in this school district have been made by Thomas A. Kochuba, the Junior High School Principal, and Joseph Boes, an Administrative Assistant to the Superintendent. Each customarily visits a full class period once per semester. The evaluation is made on forms which are prepared by the district but which follow rather closely the state rating forms. Ratings are made in three categories: "Personal Qualities," "Teacher Technique," and "Pupil Reaction." Within each, separate ratings are made for specific characteristics and anecdotal notes are recorded by the evaluator on the back of the forms. The evaluation and anecdotal comments are then discussed with the teacher concerned. Thereafter, they are submitted to Mr. William Shaffer, the Chief School Administrator and Superintendent for the School District. After conferences with the evaluators, he then makes the rating required by Section 1123 of The Public School Code of 1949, 24 P.S. §11-1123, and notifies the teacher as required by Section 1108 of the Code, 24 P.S. §11-1108.

Acitelli's unsatisfactory rating was made in accordance with the procedure just described, and his record was evaluated by Mr. Boes once during each of the four semesters he taught at the Junior High School between 1970 and 1972. It was also evaluated by Mr.

Kochuba once during each of three of those semesters. It is true that the overall evaluation in each of the three major categories was "satisfactory." The anecdotal notes made regarding many of the evaluations, however, reflected considerable concern as to his teaching skills. According to the testimony of Mr. Shaffer, the Chief School Administrator and Superintendent, the official rating of unsatisfactory given Acitelli during his last semester as a temporary professional employee was primarily based upon the classroom observations of the evaluators for that semester. Mr. Kochuba, as observer, had checked Acitelli on March 23 and judged his overall teaching technique as "marginal satisfactory." Poor ratings were recorded in subdivisions for "variation of techniques," "individualized instruction," and "utilization of materials." Pupil reaction overall was judged "low satisfactory," with poor ratings in the subdivision titled "effectiveness/pupil learning." Personal qualities were rated "satisfactory." Subsequently, on April 10, Mr. Boes had observed Acitelli and judged his performance as "satisfactory" in all three categories. He too, however, recorded poor ratings for subdivisions on "variation of techniques" and "pupil enthusiasm." The anecdotal notes of these and earlier evaluation visits provided Mr. Shaffer and the Board with additional insight for the decision ultimately made. For example, Mr. Kochuba had indicated, these comments: "motivation not good here," "too much lecture," "little student involvement." Similarly, Mr. Boes recorded "not much evidence of teacher motivation," "class response was poor—many of the students seemed confused," "indicated to me that he does not have a speaking knowledge of the language." These comments touch upon essential characteristics of an individual's teaching ability and might well form an independent basis for an unsatisfactory rating. The Board gave additional consideration at the hearings to

Acitelli's overall two-year development. Regarding it, Mr. Kochuba stated, "I felt that I witnessed considerable regression in the teacher's attitude and the way he conducted the class." "I was very disappointed in his class." A similar reaction was noted by Mr. Boes as well. The record indicates that Mr. Kochuba and Mr. Boes conferred with Mr. Shaffer, and recommended the fourth semester unsatisfactory rating, which did in fact follow, along with Mr. Shaffer's refusal to renew Acitelli's contract. Mr. Kochuba, Mr. Boes and Mr. Shaffer together had more than thirty-five years combined experience in teacher evaluation. It was clearly not unreasonable, therefore, that the School Board placed great reliance upon their evaluations of Acitelli's record. That the evaluation of Mr. Robert Wardrop, who testified for Acitelli that his teaching was satisfactory when observed at the Senior High during the 1970-71 school year, was evidently given less weight than the testimony of the opposing witnesses, does not in itself indicate any abuse of discretion on the part of the Board. Nor was it necessary that the Board have heard parent and student testimony as to Acitelli's teaching prior to determining his tenure status, as he suggests. We would agree with Acitelli that dismissal "is not the sole objective to be attained by the rating procedure." *Appeal of Mulhollen,* 155 Pa. Superior Ct. 587, 597, 39 A. 2d 283, 287 (1944). However, it is not the role of this Court to question the wisdom of the Board's action in refusing continued employment to him. It is, rather, to determine whether or not that judgment was based on substantial evidence. We believe that the Board did duly consider evidence both favorable and unfavorable to Acitelli and that there was substantial evidence to support its final adjudication.

Acitelli also argues that the adjudication violated his constitutional rights and was otherwise not in

accordance with the law. He claims that, because only three of the six voting members of the Board actually attended both hearing sessions, Section 508 of The Public School Code was violated and due process denied, but that section merely requires an affirmative vote of a majority of all members of the Board action to be taken regarding a teacher after a hearing has been granted. Public School Code of 1949, Act of March 10, 1949, P. L. 30, *as amended,* 24 P.S. §5-508. While it is true that only three of the six voting members attended both sessions and that one member did not attend either session, a quorum of the Board was present at each hearing session and also at the time of the vote on June 18, 1973. Moreover, Acitelli took full opportunity to testify, to present witnesses and to cross-examine opposing witnesses, and a transcript was made available for all parties for review after the hearings were concluded. Neither due process nor the applicable statutes impel those who finally vote on the status of a teacher to have had direct aural reception of all the evidence. *Foley Bros. v. Commonwealth,* 400 Pa. 584, 163 A. 2d 80 (1960). Absent evidence to the contrary, the recording of the Board members' votes indicates that they gave full consideration to the testimony presented. *Foley Bros. v. Commonwealth, supra.* And, there being no evidence to the contrary here, it must be presumed the six Boaord members, who voted on the appellant's dismissal, did consider the evidence presented whether or not all were present at all of the sessions held . And, of course, they did constitute both a quorum and a majority. We are satisfied, therefore, that no violation of the appellant's statutory or constitutional rights resulted because of the composition of the Board at the time of the final adjudication.

The appellant further contends that the adjudication violated the law because he was not given copies of the anecdotal comments when they were first entered

on his record. He says this would have enabled him to improve his classroom performance. He also alleges that the Board failed to provide him with a written statement signed by the officers of the Board setting forth explicit reasons for their refusal to tender him a regular contract. These, however, are not tenable arguments. An examination of the record reveals that, after all classroom evaluations, the appellant actually did have the benefit of discussion with Mr. Boes and Mr. Kochuba concerning both the ratings and the anecdotal comments. Acitelli further admits to having examined the anecdotal records in Mr. Shaffer's office after receiving notice of the unsatisfactory rating. Thus it is obvious that Acitelli had opportunity to consider the anecdotal comments both before and after the unsatisfactory rating was made and that the notice requirements with regard to the anecdotal notes were substantially met. The Code requires that, within ten days after the official unsatisfactory rating is given, the teacher be given notice by the school administrator of his status. This was done here, and, after the hearings, the School District officials, in accordance with the law, notified Acitelli that he would not be retained. The lower court did not err, therefore, in finding the Board in substantial compliance with the requirements of The Public School Code of 1949.

The appellant argues finally that the Board acted in an arbitrary and capricious manner in making its final adjudication. This contention is also without merit. In refusing to renew his contract and in thus denying him tenure, the Board was required to give the fullest possible consideration to the fundamental public policy, which is expressed in the Constitution and in our underlying school laws, and which is "to obtain a better education for the children of the Commonwealth." (Citation omitted.) *Johnson v. United School District Joint School Board*, 201 Pa. Superior Ct. 375,

378, 191 A. 2d 897, 900 (1963). And, as the Superior Court further held in that case: "[t]he teacher tenure provision must be considered in the light of this fundamental policy." *Johnson, supra,* 201 Pa. Superior Ct. at 379, 191 A. 2d at 900. Here the facts upon which the Board based its decision clearly focus upon such features of Acitelli's performance as would directly affect the education of the students in his classes. Those who observed him in classroom situations simply were not satisfied with his teaching techniques and with his ability to engender student enthusiasm for learning. They believed, moreover, there had been a regression in his overall teaching ability. Inasmuch as there was substantial evidence presented to support these conclusions, we cannot find that the Board acted arbitrarily, capriciously or in bad faith in its adjudication.

We, therefore, affirm the order of the court below.