## Giles Appeal

*Anthony F. List*, for appellant.
*Vram Nedurian, Jr.*, for appellee.

BLOOM, J., December 8, 1975—The matter presently before this court arises from an appeal filed by appellant, Cary S. Giles, from the findings of the Marple Newtown School District Board of School Directors, appellee. Appellee found appellant guilty of possession of marihuana and as a result, appellant was permanently expelled from Marple Newtown Senior High School. Appellant has appealed to this court, contending that the penalty imposed by appellee was an abuse of discretion.

On April 10, 1975, appellant, age 16, was a student at the Marple Newtown Senior High School. Appellant was in his junior year and had been in attendance at said school since February of 1974. On the date in question, appellant was observed smoking a marihuana cigarette in the school smok-

ing area by a faculty member. The incident was reported to the principal who directed the faculty member and assistant principal to investigate the matter. The assistant principal and the faculty member then proceeded to appellant's homeroom where the faculty member identified appellant as the student he observed smoking marihuana. Appellant was asked to accompany the assistant principal to a vacant room. Appellant complied with the request and the faculty member and principal then arrived in said vacant room. Appellant then complied with a request to empty his pockets. Among the articles found on appellant's person were four clear plastic bags containing marihuana, two packages of cigarette paper, a cigarette rolling apparatus, a cigarette holder, and a cigarette box containing several cigarette butts. Appellant admitted to the assistant principal that he had bought the marihuana the previous Saturday night and had paid $20 for same. Detective Fairlamb, of the Criminal Investigation Division of the Delaware County District Attorney's Office, arrived about 25 minutes later and appellant's mother arrived about five minutes after the detective had arrived. Appellant was advised of his constitutional rights by Detective Fairlamb who took appellant into custody. The detective also took with him the above articles found in appellant's pockets.

On April 24, 1975, a hearing was held before the school board. Eight of the nine members of the school board heard and decided the case. The solicitor for the school board was not present during any of the deliberations regarding guilt or punishment. Appellant was present and he was represented by counsel.

The above facts were related to the board by wit-

nesses and a chemical report was admitted into evidence. The report related that the total quantity of marihuana found in the four plastic bags amounted to 28.6 grams, that the cigarette butts and cigarette holder contained marihuana or marihuana residue. Detective Fairlamb stated that, in his expert opinion, appellant had enough marihuana to make from 20 to 56 marihuana cigarettes, depending on the quantity used in making a cigarette.

Appellant did not testify on his own behalf upon advice of counsel. However, appellant called three witnesses who testified to his good character. Appellant had a good record while in Marple Newtown Senior High School.

At the conclusion of the hearing, the eight members of the school board unanimously found appellant guilty of possession of marihuana. After finding appellant guilty, the school board retired to deliberate the penalty to be imposed. By a vote of five to three, the board decided to expel appellant for the seven weeks remaining in the current semester with provision for homebound instruction until June 2, 1975, and permanent expulsion of appellant for the 1975-76 school year, which would have been appellant's senior year. Appellant thereafter appealed to this court and this opinion is written in disposition of said appeal.

Under the Local Agency Law, Act of December 2, 1968, P.L. 1133, effective January 1, 1969, 53 P.S. §§11301, et seq., this court has jurisdiction to review the findings of the school board. However, the action of the school board must be affirmed unless this court finds a violation of appellant's constitutional rights or that the school board manifestly abused its discretion, committed an error of law or

made a finding of fact necessary to the adjudication made which is not supported by substantial evidence: Local Agency Law, supra, 53 P.S. §11308(b); Acitelli v. Westmont Hilltop School District, 15 Pa. Commonwealth Ct. 214, 325 A. 2d 490 (1974); Hickey v. Penn Manor School District, 16 Pa. Commonwealth Ct. 319, 328 A. 2d 549 (1974).

Prior to the incident before us, the record is clear that appellant had no prior difficulties while attending Marple Newtown Senior High School. The school principal stated that appellant had never demonstrated any disrespect for the school authorities. Another witness, the school counsellor, testified that appellant was a good student and she related to the board an incident which demonstrated appellant's honesty and integrity.

It is also noted that appellant was found in possession of 28.6 grams of marihuana for which the maximum penalty under the drug law is imprisonment for 30 days. We also consider the fact that prior to this case, the school district had never announced a policy of total expulsion.

The Supreme Court of the United States in Goss v. Lopez, decided January 22, 1975, 95 S. Ct. 729, in the majority opinion, at 95 S. Ct. 739, emphasized the importance of obtaining the student's version of the incident in areas of discipline:

"The student's interest is to avoid unfair or mistaken exclusion from the educational process, with all of its unfortunate consequences. The Due Process Clause will not shield him from suspensions properly imposed, but it disserves both his interest and the interest of the State if his suspension is in fact unwarranted. The concern would be mostly academic if the disciplinary process were a totally accurate, unerring process, never mistaken and

never unfair. Unfortunately, that is not the case, and no one suggests that it is. Disciplinarians, although proceeding in utmost good faith, frequently act on the reports and advice of others; and the controlling facts and the nature of the conduct under challenge are often disputed. The risk of error is not at all trivial, and it should be guarded against if that may be done without prohibitive cost or interference with the educational process."

We recognize that the matter of discipline of the students, except in the case of clear abuse of discretion, must remain within the control of the school administrators and the school board. Even when the court may disagree with the specific action of the board, it should not substitute its opinion for that of those persons who are involved with the child on a day-to-day basis, except as stated above.

Based upon the facts of this particular case only, this court finds that the school board abused its discretion in permanently expelling appellant in view of the testimony of William C. Capriotti, the school principal, who stated that Cary S. Giles had a good academic record and had never been in any disciplinary trouble before, and the testimony of Elizabeth Conley, who is counsellor of Marple Newtown High School, who testified that Cary Giles was a good student, polite and showed considerable interest in the school.

The decision of the board may well be reasonable and proper in other cases which may come before it and where different facts and circumstances are present which would warrant a policy of total expulsion which has now been pronounced by the school board.

Therefore, we enter the following

## ORDER

And now, to wit, December 8, 1975, after consideration of argument and briefs submitted by respective counsel before this court en banc, it is hereby ordered and decreed that:

1.  The adjudication of the school board whereby appellant was expelled for the balance of the 1974-75 school year is affirmed;

2.  The adjudication of the school board whereby appellant was totally expelled from the Marple Newtown Senior High School is reversed and set aside;

3.  The Marple Newtown School Board shall forthwith reinstate appellant as a student at the Marple Newtown Senior High School.