Appeal From The Adjudication/Opinion of The Office of The Secretary of Education, Commonwealth of Pennsylvania; Jacqueline Barndt, a Professional Employee, Appellant. Board of School Directors of The Wissahickon School District, Intervening Appellee.

Argued December 10, 1976, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

Joseph L. Rosenfeld, for appellant.

*Edward A. Miller,* Deputy Attorney General, for appellee.

*Curtis Wright,* with him *Mason Avrigian,* and *Timoney, Knox, Avrigian & Hasson,* for intervening appellee.

OPINION BY JUDGE WILKINSON, February 7, 1977:

This is an appeal from an order affirming the dismissal of appellant as a professional school employee. We affirm.

Appellant was hired by the intervening school district in June 1964 as a music teacher in its junior high school. In July 1973, the district superintendent notified appellant that she had received an unsatisfactory rating on her professional employee rating sheet for the 1972-73 school year. Enclosed with the notification was the rating sheet itself and a multi-page memorandum from two administrators to the superintendent upon which the rating was based. In April 1974, appellant was notified that her performance to that point of the 1973-74 school year had also been unsatisfactory; again, a rating sheet and underlying memorandum were furnished to her. In June 1974, a 25-count proposed statement of charges, alleging incompetency, persistent negligence and persistent and wilful violation of the school laws, was submitted to the school board, which accepted it by resolution dated June 27, 1974. Fourteen hearings were conducted between September 1974 and January 1975, four days after the last of which the members of the school board unanimously voted to dismiss appellant. An appeal to the Secretary of Education was denied.

Appellant alleges that the Secretary's findings of fact are not supported by the requisite substantial evidence. We cannot agree. The record is far too lengthy for a detailed recitation of the evidence sup-

porting the decision below, but the testimony of each of the administrators involved in the evaluation of appellant (based at least partially on personal observance) sufficiently establishes that appellant was unable to maintain a proper relationship with her students and was generally unable to conduct her classes in a satisfactory manner. Nor can we agree that appellant's counsel was denied adequate opportunity to explore matters on cross-examination or otherwise develop his case.

Appellant claims that the procedures for dismissal mandated by the Public School Code of 1949[1] were not strictly followed. Specifically, appellant claims that the superintendent's signature on the rating form was given without personal knowledge of the underlying facts and circumstances and was therefore improper. There is nothing in Section 1123 of the Public School Code[2] (which describes the mandatory rating procedure) requiring the superintendent to have personal knowledge of the facts underlying an unsatisfactory rating. The superintendent testified that the unsatisfactory ratings were given only after he had made extensive review of the recommendations of his subordinate administrators through conferences with the personnel involved and evaluation of the underlying facts and circumstances. We considered a similar procedure reasonable in *Acitelli v. Westmont Hilltop School District*, 15 Pa. Commonwealth Ct. 214, 325 A.2d 490 (1974).

Appellant next claims that the school board did not comply with Section 1127 of the Public School Code.[3] The record reveals that the board completely fulfilled

---

[1] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §1-101 et seq.

[2] 24 P.S. §11-1123.

[3] 24 P.S. §11-1127.

its responsibilities under this section. Appellant none-theless contends that the board was not given adequate factual documentation of appellant's conduct prior to its resolution adopting the proposed statement of charges on June 27, 1974. Considering the length of the proposed charges, we consider it sufficient.

Appellant finally claims noncompliance with Section 508[4] of the Public School Code. That section states, *inter alia,* that an affirmative vote of the majority of all school board members, duly recorded, showing how each member voted, is required in order to dismiss a teacher after a hearing. The record shows that this was done. Since the statutory procedures for dismissal were satisfied in all respects, there is no basis for appellant's claim that the board was required to furnish an additional "adjudication" showing the reasons for dismissal.

The record shows no other valid grounds for appeal.

Accordingly, we will enter the following

### ORDER

Now, February 7, 1977, the opinion of the Secretary of Education in No. 255, dated January 27, 1976, is hereby affirmed and the appeal dismissed.

---

[4] 24 P.S. 5-508.