Walter Boehm, Petitioner *v.* The Board of Education of the School District of Pittsburgh, Respondent.

Argued May 6, 1977, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three.

*John A. Bacharach,* with him *Eugene P. Girman,* and *Girman & Del Sole,* for petitioner.

*Persifor S. Oliver, Jr.,* Assistant Solicitor, with him *Justin M. Johnson,* Solicitor, for respondent.

OPINION BY JUDGE BLATT, June 9, 1977:

This is an appeal by Walter Boehm from an order of the Secretary of Education which sustained his dismissal by the Board of Education of the City of Pittsburgh.

Boehm was a tenured professional employe of the Pittsburgh School District when, in March of 1973, he officially assumed the additional position of Treasurer of the Fifth Avenue High School Activities Fund at the high school where he was then assigned. In March of 1974, the books and records relating to the Fund were audited and it was discovered that: (1) a ledger entry which indicated a cash deposit of $1,000 in a savings account was false; and (2) Boehm was unable to locate the savings account passbook. He received a statement of charges from, and hearings before, the Pittsburgh School Board, which subsequently dismissed him for persistent negligence, as provided in Section 1122 of the Public School Code of 1949[1] (Code), 24 P.S. §11-1122, *inter alia,* as follows:

---

[1] Act of March 10, 1949, P.L. 30, *as amended.*

The only valid causes for termination of a contract heretofore or hereafter entered into with a professional employe shall be immorality, incompetency, intemperance, cruelty, *persistent negligence,* mental derangement, advocation of or participating in un-American or subversive doctrines, persistent and wilful violation of the school laws of this Commonwealth on the part of the professional employe. . . . (Emphasis added.)

The Secretary of Education sustained the dismissal, and this appeal followed.

Boehm first argues that some of the school directors were not present at the hearings where evidence was presented and that they were barred from voting on the question of dismissal.[2] He also argues that the evidence presented at the hearings should not have been considered when the Board voted his dismissal because the Board did not have a quorum present. Addressing ourselves to the second part of this first argument, we note that Section 422 of the Code, 24 P.S. §4-422, provides, *inter alia,* as follows:

A majority of the members of a board of school directors shall be a quorum. If less than a majority is present at any meeting, no business shall be transacted at such meeting, but

---

[2] Section 1129 of the Code, 24 P.S. §11-1129, governs the dismissal of professional employes and provides, *inter alia,* as follows:

After fully hearing the charges or complaints and hearing all witnesses produced by the board and the person against whom the charges are pending, and after full, impartial and unbiased consideration thereof, the board of school directors shall by a *two-thirds vote of all the members thereof,* to be recorded by roll call, determine whether such charges or complaints have been sustained and whether the evidence substantiates such charges and complaints, and if so determined shall discharge such professional employe. (Emphasis added.)

the members present may adjourn to some stated time. . . .

It is not contested here that: (1) the Pittsburgh School Board is comprised of fifteen members; (2) a hearing was held on August 15, 1974 at which six members of the Board were present (a seventh arriving late); (3) on August 21, 1974, the School Board attempted to hold a hearing, but, because only three members were present, it granted a continuance requested by the parties; and (4) a final hearing was held on September 18, 1974 at which eight members of the Board were present. While it is true that Section 1129 of the Code requires a two-thirds vote of the Board for the *dismissal* of a professional employe, it is clear that a majority of the Board, eight members here, constitutes a quorum for the purpose of *transacting business*. Because there was a quorum present at the last hearing held on September 18, 1974,[3] and because Boehm incorporated and relied upon all of the testimony taken at the two hearings in his summation to the Board, and failed to object to the absence of a quorum until such summation, we believe that the evidence was properly received in this case[4] and was available for consideration by all of the Board members. Moreover, because eleven members of the Board voted for dismissal after consideration of the entire record,[5] it is clear that the requirements of Section 1129 of the Code have been satisfied.

---

[3] Despite our reference to "two hearings," one held on August 21, 1974 and the other held on September 18, 1974, there was, in fact, only one hearing in this case, held on two different dates.

[4] We do not, therefore, determine the issue of whether or not a school board may receive evidence in this type of case with less than a majority of the members present nor do we determine here whether or not a school board could appoint one or more members to receive testimony.

[5] The Board's resolution dismissing the appellant provided, in part, as follows:

*Acitelli v. Westmont Hilltop School District*, 15 Pa. Commonwealth Ct. 214, 222, 325 A.2d 490, 494-495 (1974) answers the second part of Boehm's first argument. There we held that

[n]either due process nor the applicable statutes impel those who finally vote on the status of a teacher to have had direct aural reception of all the evidence. Foley Bros. v. Commonwealth, 400 Pa. 584, 163 A.2d 80 (1960). Absent evidence to the contrary, the recording of the Board members' votes indicates that they gave full consideration to the testimony presented. Foley Bros. v. Commonwealth, supra. And, there being no evidence to the contrary here, it must be presumed the six Board members, who voted on the appellant's dismissal,

WHEREAS, a hearing has been held on August 15, 1974 and September 18, 1974 to consider the charges brought against Walter A. Boehm, Jr.;

AND, WHEREAS, a detailed written statement of those charges had been provided to the employee on August 2, 1974;

AND, WHEREAS, at the hearing the testimony of various witnesses was taken, exhibits were introduced, and the professional employee was afforded an opportunity to present whatever evidence or testimony he might have;

AND, WHEREAS, *a copy of the transcript of proceedings and exhibits has been received by each of the school directors and the employee, permitting full, impartial and unbiased consideration of the charges brought against Walter A. Boehm, Jr.*:

Now, THEREFORE, BE IT RESOLVED, That the charges brought against Walter A. Boehm, Jr. with respect to persistent negligence have, on the basis of a review of the testimony and the exhibits, been sustained:

RESOLVED, FURTHER, That the employment contract which Walter A. Boehm, Jr. has heretofore held with the School District of Pittsburgh be, and hereby is terminated effective August 28, 1974, and Walter A. Boehm, Jr. is hereby discharged. (Emphasis added.)

did consider the evidence presented whether or not all were present at all of the sessions held. And, of course, they did constitute both a quorum and a majority. We are satisfied, therefore, that no violation of the appellant's statutory or constitutional rights resulted because of the composition of the Board at the time of the final adjudication.

Boehm next argues that there was insufficient evidence in the record to support a conclusion that the missing funds entrusted to him were not deposited in the bank account and, that such a conclusion, even if adequately supported in the record, would not amount to persistent negligence as a matter of law. We disagree. The Secretary of Education found, and it is supported by the record[6] that: (1) the appellant did not deposit the $1,000 in question into the savings account; (2) he had been otherwise negligent in the handling of the funds; and (3) he could not account for the missing money. In *Lucciola v. Secretary of Education*, 25 Pa. Commonwealth Ct. 419, 423, 360 A. 2d 310, 312 (1976), this Court held that

> [a]s a general proposition, 'persistent' is defined as 'continuing' or 'constant.' In particular application, persistency characterizes a violation of the school laws by a professional employee where the violation occurs either as a series of individual incidents, or as one incident carried on for a substantial period of time. (Citations omitted.)

We believe that the appellant's negligent handling of the funds entrusted to him as set forth in this record,

---

[6] Because the appellant did not testify, the majority of evidence in the record is unobjected to hearsay which is sufficient to support the findings of the Secretary because of the corroborating circumstances and testimony of the witnesses. *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976).

did constitute persistent negligence as set forth in Section 1122 of the Code, 24 P.S. §11-1122, whether his actions are viewed as a series of individual incidents or as one incident carried on for a substantial period of time. *Lucciola, supra.*

Boehm also argues that the Board's dismissal did not include findings of fact and conclusions of law as required by the Local Agency Law, Act of December 2, 1968, P.L. 1133, *as amended,* 53 P.S. §11301 et seq. The Local Agency Law, however, was enacted to provide a forum for the enforcement of statutory rights where no procedure otherwise exists, *Fatscher v. Springfield School District,* 28 Pa. Commonwealth Ct. 170, 367 A.2d 1130 (1977), but Sections 1127, 1129 and 1130 of the Code,[7] 24 P.S. §§11-1127, 11-1129 and 11-

[7] Section 1127 of the Code provides as follows:

Before any professional employe having attained a status of permanent tenure is dismissed by the board of school directors, such board of school directors shall furnish such professional employe with a detailed written statement of the charges upon which his or her proposed dismissal is based and shall conduct a hearing. A written notice signed by the president and attested by the secretary of the board of school directors shall be forwarded by registered mail to the professional employe setting forth the time and place when and where such professional employe will be given an opportunity to be heard either in person or by counsel, or both, before the board of school directors and setting forth a detailed statement of the charges. Such hearing shall not be sooner than ten (10) days nor later than fifteen (15) days after such written notice. At such hearing all testimony offered, including that of complainants and their witnesses, as well as that of the accused professional employe and his or her witnesses, shall be recorded by a competent disinterested public stenographer whose services shall be furnished by the school district at its expense. Any such hearing may be postponed, continued or adjourned.

Section 1129 of the Code may be found at Footnote 2 above.

Section 1130 of the Code, provides, *inter alia,* as follows:

1130, clearly provide a complete procedure for a professional employe to enforce the rights granted to him by Section 1122 of the Code. *Smith v. Harmony Area School District*, 16 Pa. Commonwealth Ct. 175, 328 A. 2d 883 (1974). The requirements of the Local Agency Law, therefore, do not apply here.

Boehm's final argument is that an impermissible commingling of prosecutorial and adjudicatory functions occurred in the hearings before the Board because an assistant solicitor presented the case against the appellant, while the legal duty to advise the Board rested with his superior, the Board's solicitor. We have been unable to find any evidence of impropriety in the record (in fact it appears that the Board made its own rulings on evidentiary matters) and we believe, therefore, that the appellant was not denied either due process or a fair adjudication merely because the duty to prosecute the case and the duty to advise the Board belonged to two different attorneys within the same public office. *Human Relations Commission v. Thorp, Reed & Armstrong*, 25 Pa. Commonwealth Ct. 295, 361 A.2d 497 (1976).

The order of the Secretary of Education is, therefore, affirmed.

ORDER

AND Now, this 9th day of June, 1977, the order of the Secretary of Education, dated July 20, 1976, which affirmed the dismissal of Walter Boehm by the Board of Education of the Pittsburgh School District, is affirmed.

---

A written notice of any decision of the board of school directors discharging a professional employe, shall be sent by registered mail to such professional employe at his or her last known address within ten (10) days after such hearing is actually concluded.