Eveline M. Graack and J. P. Edwards, Inc. Appellants, *v.* Board of Supervisors of Lower Nazareth Township, Northampton County, Pennsylvania, Appellee, and The Goodman Company, Intervening Appellee.

Argued October 9, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Lewis R. Long* and *Charles S. Smith*, with them, *Hemstreet, Smith and Van Antwerpen*, for appellants.

*Cregg E. Mayrosh*, with him *Cohn & Mayrosh*, for appellee.

*Bernard Chanin*, with him *Lawrence J. Briody* and, of counsel, *Wolf, Block, Schorr and Solis-Cohen*, for intervening appellee.

OPINION BY JUDGE CRUMLISH, JR., January 14, 1975:

On September 12, 1973, the Board of Supervisors of Lower Nazareth Township adopted two zoning ordinances (Ordinance 42 and Ordinance 43). Ordinance 42 provided for the amendment of the official zoning map of the township by changing the zoning of a certain tract of land from I-Industrial to C-Commercial. The Goodman Company (Intervenor) is equitable owner of the rezoned land. Ordinance 43 provided for the revision of the township zoning ordinance by establishing the classification of "Regional Shopping Center Planned Commercial Development" as a permitted use in C-Commercial

zones and further establishing design criteria for this use.

Eveline M. Graack and J. P. Edwards, Inc. (Appellants) filed a zoning appeal with the Court of Common Pleas of Northampton County on October 11, 1973, challenging the adoption of the ordinances as special legislation, enacted without proper notice. The notice of appeal alleged that Appellant Graack was the legal owner of a 42.83 acre tract in Lower Nazareth Township and Appellant Edwards was equitable owner of same. Intervenor, pursuant to Section 1009 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11009, (MPC), became a party as of November 13, 1973. The court below entered an order on June 28, 1974, granting motions by the Board of Supervisors to dismiss, and by Intervenor to quash the appeal as to Ordinance 42, while also granting the Board of Supervisors a judgment on the pleadings as to Ordinance 43. Appeal followed to our Court.

Two matters are before us for determination. First, we must decide whether quashal is warranted, and second, if the granting of the motion to quash was improper, whether the challenge to the respective ordinances has merit.

At the outset, we find the court did err in quashing this appeal. The basis of that ruling to quash was Appellant's failure to comply with Section 1008(3) of the MPC, 53 P.S. §11008(3), which provides in part:

"(3) If the appellant is a person other than the landowner of the land directly involved in the decision or action appealed from, *the appellant, within seven days after the zoning appeal is filed, shall serve a true copy of the zoning appeal notice* by mailing said notice to the landowner or his attorney at his last known address. . . ." (Emphasis added.)

Appellant argues that we should remand for the purpose of allowing testimony to be taken on the subject of ser-

vice since nothing of record supports supposition. In the instant case, remand is unnecessary. As Ryan said, *Pennsylvania Zoning*, §2.2, p. 89, (1970), (comment):

"It is important that a property owner know whether a decision in his favor will be subject to appeal, for if the applicant proceeds with construction, he does so at his own risk. . . . The Code solves this by requiring that a copy of the appeal be mailed within seven days.

"The Code does not spell out the effect of a failure to serve the notice of appeal on an owner. . . ."

The importance of notice to intervenor is obvious. The notice provision seeks to avoid the situation of a property owner who, after receiving a favorable zoning determination on his property, begins to build only to find that the decision in his favor is now subject to appeal and possible reversal. If notice is imparted, such should be sufficient to stay any attempt to build by a prudent property owner who then will intervene to protect his interest. Here, however, there was intervention within thirty days of the appeal and there was no change in position. Intervenor was not injured due to the lack of notice and indeed it did have the opportunity to protect its interest by intervention. Absent the showing of prejudice, this argument must fail. *Northampton Residents Association v. Northampton Township Board of Supervisors*, 14 Pa. Commonwealth Ct. 515, 332 A.2d 787 (1974).

Both Intervenor and appellee now also maintain the Appellants' challenge is moot in that subsequent to the decision by the lower court, Appellant Graack sold the 42.83 acre tract. The argument posed is quite similar to that presented in *Cablevision v. Zoning Hearing Board of Easton*, 13 Pa. Commonwealth Ct. 232, 235, 320 A. 2d 388, 390 (1974) where we discussed "who is an aggrieved person" for purposes of maintaining suit, and stated ". . . he must have a direct interest in the subject matter of the particular litigation, otherwise he can have no

standing to appeal. And not only must a party desiring to appeal have a direct interest in the particular question litigated, but his interest must be immediate and pecuniary, and not a remote consequence of judgment. The interest must also be substantial. . . ." We are satisfied that the arrangement, whereby Appellant J. P. Edwards, Inc. and Hahn gave to Appellant Graack a purchase money mortgage in conjunction with the sale of the 42.83 acre parcel, taken together with ownership of other property in the township by Appellants, is sufficient to meet the test enunciated in *Cablevision*. Therefore, this appeal will not be quashed.

Turning to the procedural deficiencies alleged, Appellant argues that both ordinances in question are invalid because they were not advertised either in full text or in brief summary setting forth principal provisions in detail as required by Section 610, of the MPC, 53 P.S. §10610. Since Appellant never raised this issue below with regard to Ordinance 42, the issue is foreclosed on appeal. *Sojtori v. Zoning Hearing Board*, 6 Pa. Commonwealth Ct. 552, 296 A. 2d 532 (1972) ; *Clemens v. Upper Gwynedd Township Zoning Hearing Board*, 3 Pa. Commonwealth Ct. 71, 281 A. 2d 93 (1971). However, the issue of advertising the text was raised below as to Ordinance 43 and after review of the proof of publication in the record concerning Ordinance 43, it is clear that the advertisement of that ordinance was in full compliance. The summary given in the publication[1] is sufficient and does in fact set forth the principal provisions of the proposed changes.

--------

1. That notice stated: "AN ORDINANCE AMENDING SECTION 640 OF THE LOWER NAZARETH TOWNSHIP ZONING ORDINANCE OF 1970 BY ESTABLISHING THE CLASSIFICATION OF REGIONAL SHOPPING CENTER PLANNED COMMERCIAL DEVELOPMENT AS A PERMITTED USE IN C-DISTRICT-COMMERCIAL ZONING DISTRICT AND BY PROVIDING DESIGN CRITERIA FOR SAID USE."

Appellant also contends that the notice given under Section 610 was not "public notice" as defined by Section 107(18) of the MPC, 53 P.S. §10107(18), which states:

" 'Public notice', notice published once a week for two successive weeks in a newspaper of general circulation in the municipality. Such notice shall state the time and place of the hearing and the particular nature of the matter to be considered at the hearing. The first publication shall be not more than thirty days or less than fourteen days from the date of hearing."

The record indicates that Ordinance 42 was advertised on August 17, 1973 and September 5, 1973 while Ordinance 43 was advertised on August 16, 1973, August 17, 1973 and September 5, 1973. Thus, it is clear that the "two successive week" requirement of Section 107(18) was not met. But again, we are constrained to point out that failure to raise the "successive week" argument below as to Ordinance 42 precludes its being raised before us now. *Sojtori v. Zoning Hearing Board, supra.* With regard to Ordinance 43, the question of whether the Section 107(18) issue is properly before us is more difficult, but after careful review of the appeal to the court below, we find the issue was not raised, and is, therefore, precluded on appeal. Paragraphs five and six in the notice of zoning appeal below refer to the "addition" to Ordinance 43 which would seem to deal with changes made after drafting and advertising but prior to final enactment and not to the original draft. As such this issue is precluded on appeal.

Finally, Appellant argues that Ordinance 43 is invalid because certain amendments to the advertised ordinance were made at the public meeting without readvertising. "While it is obvious that an insignificant amendment made to a proposed ordinance after advertisement and public hearing does not require a readvertisement and public hearing, the case is clearly otherwise if the amend-

ment is substantial in relation to the legislation as a whole." *Willey Appeal*, 399 Pa. 84, 160 A. 2d 240 (1960) ; *Shultz v. Philadelphia*, 385 Pa. 79, 122 A. 2d 279 (1956). Examination of the record shows that the changes made at the public meeting were clearly *de minimis* in relation to the whole of the zoning ordinance. Readvertising under this circumstance would result in a wasteful exercise and should not be encouraged. Therefore, consistent with the foregoing, this appeal is not quashed, but we find Appellant's challenge to amending Ordinances 42 and 43 to be without merit and therefore dismiss this appeal.