Daniel R. Minnick et al. *v.* Zoning Hearing Board, Town of McCandless, Allegheny County, Pennsylvania et al. V. G. Frey, Inc., Appellant (2 cases).

Argued October 30, 1978, before Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Richard P. Jacob*, for appellant.

*Daniel R. Minnick*, for appellee.

OPINION BY JUDGE WILKINSON, JR., January 22, 1979:

This is an appeal by appellant V. G. Frey, Inc. (Frey), from a common pleas court denial of a motion to quash an original appeal from a Zoning Hearing Board (Board) decision by appellee Daniel Minnick (Minnick) for failure to post bond. Additionally the lower court ordered a remand to the Board to consider a variance. We affirm.

On September 27, 1976 Frey obtained a building permit from the Zoning Hearing Officer of the Town of McCandless to construct a two and one-half story single family dwelling on his property, lot No. 77, Greybrooke Plan No. 1 which was part of a Frey de-

velopment plan recorded in Allegheny County on September 16, 1964. The zoning open space requirements are established in Ordinance No. 587 and are the same as they were when the development plan was recorded.

This permit was objected to by Minnick and the adjoining property owners and a hearing was held on November 18, 1976 by the Board. The permit was upheld by the Board. Minnick filed an appeal on December 16, 1976. Frey did not receive notice of this appeal. This appeal contended that Frey's house did not meet the minimum rear yard requirement and it exceeded maximum height limits. In February of 1977 the house was completed.

Frey moved to intervene and requested the posting of a bond.

On December 23, 1977 the court held a hearing, allowing Frey to intervene as a defendant. On January 4, 1978, the court denied Frey's request to quash the appeal and ordered Frey to apply for a variance. It also ordered Minnick to post a $25,000 bond pending the variance application. Frey did not apply for the variance, and Minnick did not post the bond. On March 10, 1978 the court entered an order refusing to quash the Minnick appeal and eliminating the bond requirement. This appeal followed.

Frey asserts three errors by the lower court. The first of these is that the appeal by Minnick of the original issuance of the building permit should be quashed because Frey was given no notice of the appeal.

Section 1008(3) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §11008(3), provides that a copy of the appeal should be supplied within seven days to the landowner. Here, however, Frey intervened in time and was able to protect his interest. And as we

pointed out in *Graack v. Board of Supervisors*, 17 Pa. Commonwealth Ct. 112, 330 A.2d 578 (1975), where there was no showing of prejudice to the landowner then the lack of notice argument fails.

Appellant's second contention is that the lower court abused its discretion in refusing to quash the Minnick appeal for failure to post the $25,000 bond.

The lower court set the bond pending Frey's application for a variance, consequently the bond was not applicable. Furthermore, bond setting is discretionary on the part of the judge and if she felt the landowner did not need the protection of a bond, then she could so decide.[1]

Appellant Frey's final contention is that the lower court erred by ruling that the Board misinterpreted the McCandless Town ordinance which described "rear yard." We feel the lower court's interpretation of the rear yard definition is the correct one. Section 1313.65 of the ordinance, *as amended*, provides:

> 'Rear Yard' means a yard extending across the full width of the lot and abutting the rear lot line, the required depth of which yard is a prescribed minimum distance between the rear lot line and the rear building line.

(Ord. 587 §202 passed 10-25-71.)

In the case at bar, the lot in question has only three sides. Frey maintains that the lot lines are determined by where the building sits on the lot. The adjoining property owners say the lot lines are determined by the lot itself. The rear yard is opposite the front yard and must be the full width of the lot.

---

[1] There is a serious question as to whether either of these appeals are taken from an appealable order. No motion to quash has been filed. Since the matter has been in contention for over two years we will not raise this question *sua sponte*. This should not be taken as a precedent that the appeals were proper.

In this ordinance the rear yard must be 40 feet deep all the way across. The front yard is the one facing the street and must be 30 feet deep. Side yards must be 15 feet deep. Even if one were to follow Frey's thinking and place the house at an angle to the front line and make the back lot line the side lot line there would still not be a 40 foot deep rear yard all the way across the entire lot. We must agree with the court below that the rear lot line is the rear lot line common to adjoining property owners 74, 75 and 76 and that as a result Frey's rear lot is too small. The proper resolution is for an application for a variance.

Accordingly, we will enter the following

ORDER

AND Now, this 22nd day of January, 1979, the appeal of V. G. Frey, Inc. is denied and the order of the Court of Common Pleas of Allegheny County at No. SA-1568 of 1976, dated January 4, 1978, as modified by the order of March 10, 1978, is hereby affirmed.

Judge ROGERS concurs in the result only.

---

DISSENTING OPINION BY JUDGE MACPHAIL:

I must respectfully dissent. One of the landowner's (Frey) arguments is that he never received timely notice of an appeal from the decision of the Zoning Hearing Board to the Court of Common Pleas of Allegheny County as mandated by Section 1008(3) of the Pennsylvania Municipalities Planning Code (Code), Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of June 1, 1972, P.L. 333, *as amended*, 53 P.S. §11008(3). In the opinion of the court below in support of its order of January 4, 1978, the learned trial judge states that, ''The petitioners in this case allege that such notice was sent by ordinary mail to the land-

owner Frey but Frey alleges that such notice of appeal was never received." No additional testimony was taken by the trial court. Therefore, any "allegation" by the petitioners in the court below that timely notice was given must appear in the pleadings or in the record before the Zoning Hearing Board. I have searched the pleadings and the record for such an allegation and find none.

Continuing on this point, the trial judge's opinion states, "Assuming *arguendo* that the notice was not received, where there is no change of position by the landowner a timely appeal will not be dismissed. Graack et al. v. Board of Supervisors of Lower Nazareth Township, et al., 17 Pa. Cmw. 112, 330 A.2d 578 (1975)." The majority opinion of this Court reaches the same conclusion, stating that "Frey intervened in time and was able to protect his interest." The problem is that I find nothing in the record to support the conclusion that Frey was or was not able to protect his interest. Certainly, when the Zoning Hearing Board upheld his permit to build, Frey was justified in proceeding with construction since he received no notice of the appeal. Indeed, there is some indication in the opinion of the lower court that the house had been sold and occupied by the purchaser sometime during the course of these proceedings and before the Court handed down a final order. However, since the only record before this Court is that which was made before the Zoning Hearing Board, it is impossible for me to determine what was done by Frey to his detriment before he received actual notice of the appeal.

Since the very purpose of Section 1008 of the Code is to avoid the possibility of prejudice and the record here is insufficient to determine whether or not there has been prejudice, I would reverse and remand for the taking of additional testimony.