Warren Williams, Petitioner *v.* The Abington School District, Respondent.

Argued December 4, 1978, before Judges WILKINSON, JR., DiSALLE and MacPHAIL, sitting as a panel of three.

*Richard W. Rogers,* with him *Rogers, King & Cole,* for appellant.

*Robert A. MacDonnell,* with him *Obermayer, Rebmann, Maxwell & Hippel,* for appellee.

OPINION BY JUDGE DiSALLE, February 21, 1979:

This is an appeal from an order of the Secretary of Education (Secretary) sustaining the decision of the Board of School Directors of the Abington School District (Board) abolishing the position of Coordinator of Science held by Warren F. Williams (Appellant) and reassigning him to the Huntingdon Junior High School as an eighth grade physical science teacher. Appellant asks us to reverse the Secretary's order and restore him to the position of Science Coordinator.

Appellant, a professional employe of the Abington School District (School District), served as a Coordinator of Science from 1968 until that position was abolished during the summer of 1975. In June of that year, Dr. Carl B. Hoffman, Superintendent of the School District, presented the Board with a proposed budget for the upcoming 1975-1976 school year. Following notice from the Board that decreases in both revenue and student enrollment mandated extensive reductions, Dr. Hoffman submitted a revised budget.

On June 30, 1975, after extended public meetings, the Board adopted a budget for the 1975-1976 school year which provided no funds for the continuation of several positions, including Appellant's. On August 12, 1975, the Board, without Appellant's consent, officially abolished the position of Coordinator of Science

and approved the re-assignment of Appellant to Huntingdon Junior High School.

Appellant, having notified the Board that he considered the change of assignment to be a demotion, received a hearing on the matter on November 24, 1975. At a December 1, meeting, the Board, with Appellant present, affirmed its August 12 action, finding it to be neither arbitrary, capricious nor discriminatory. Appellant received formal written notice of the decision on December 16, 1975, and filed a timely appeal with the Secretary. Following a July 3, 1976 hearing, the Secretary affirmed the Board's action.

Appellant argues initially that the Board's action in demoting him was arbitrary, capricious and discriminatory, and that it was unsupported by clear and apparent reasons. We note that demotions pursuant to the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §1-101 et seq., are presumptively valid. *Hibbs v. Arensberg,* 276 Pa. 24, 119 A. 727 (1923); *Lucostic v. Brownsville Area School District,* 6 Pa. Commonwealth Ct. 587, 297 A.2d 516 (1972). The demoted employe bears the very heavy burden of proving that the School Board acted arbitrarily or upon improper considerations. *Smith v. Darby School District,* 388 Pa. 301, 130 A.2d 661 (1957).

Our careful review of the record indicates that Appellant has failed to meet that burden. We find substantial evidence that the Board based its action upon valid economic and financial considerations and that it did not discriminate against Appellant.

Appellant, citing Section 1130 of the Code, 24 P.S. §11-1130,[1] argues further that the Board's failure to

---

[1] That section provides in pertinent part as follows:

A written notice of any decision of the board of school directors discharging a professional employe, shall be sent

provide him with written notice of its December 1 action within 10 days of the conclusion of the hearing vitiates that action and requires us to reinstate him as Coordinator of Science. We disagree. As stated above, Appellant attended the December 1, meeting at which the Board announced its decision to affirm its earlier action. Furthermore, he received formal written notice fifteen days later and filed a timely appeal. Absent a showing of any prejudice whatsoever to Appellant, this argument must fail. *Minnick v. Zoning Hearing Board,* 40 Pa. Commonwealth Ct. 31, 396 A.2d 876 (1979); *Graack v. Board of Supervisors,* 17 Pa. Commonwealth Ct. 112, 330 A.2d 578 (1975).

We affirm.

### Order

And Now, this 21st day of February, 1979, the order of the Secretary of Education dismissing the appeal of Warren F. Williams from the action of demotion by the Board of School Directors of the Abington School District is hereby affirmed.

---

by registered mail to such professional employe at his or her last known address within ten (10) days after such hearing is actually concluded.