Miriam Green, Petitioner *v.* The Jenkintown School District, Respondent.

Argued December 18, 1981, before Judges ROGERS, BLATT and WILLIAMS, JR., sitting as a panel of three.

*Meyer Simon, Green & Simon,* for petitioner.

*Peter F. Baughman, Cox & Baughman,* for respondent.

OPINION BY JUDGE ROGERS, March 1, 1982:

Miriam Green, a tenured professional employee of the Jenkintown School District, was, in April, 1980, demoted from her position as a full-time teacher and reassigned to teach a forty per cent course load with a commensurate decrease in pay as the result of the demonstration by students of insufficient interest in the courses for which she was then responsible including the gifted student program.

Thereafter, the appellant requested and was granted a hearing conducted by the board of school directors where she contended that the school district's action in demoting her was arbitrary and capricious and in disregard of the express legislative intent to protect tenured teachers in that her tenured status and length of service were not given serious consideration.[1]

---

[1] Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-101 *et seq.* Provisions establishing the protections to be afforded to tenured professional school employees are found at Section 1121 *et seq.,* 24 P.S. §11-1121 *et seq.*

The appellant established at the hearing that several less senior and nontenured professional employees of the district at the elementary school level had not been demoted although they occupied positions for which the appellant was qualified. Nevertheless, by a unanimous vote, the directors approved the demotion. The appellant timely appealed from this adjudication to the Secretary of Education who, without conducting further hearings, affirmed the action of the school directors' reasoning:

> The language of case law limits the discretion of public school board in demotion matters only to the extent that a demotion will not stand if deemed arbitrary, capricious, or discriminatory. Where the demotion is based upon information and data indicating declining of course enrollment and a reduced need for teaching staff in the area of the professional employee's expertise, a decision to demote to meet such reduced needs does not appear to us to represent an arbitrary or capricious decision.

The appellant here renews her argument that the school directors were required by Section 1151 to give controlling weight in personnel actions involving demotion to the tenure status and length of service of the affected employee.

As the Secretary held, demotions of school employees pursuant to Section 1151 are presumptively valid, and an employee challenging such action has the burden of proving that the action was taken arbitrarily or upon improper considerations. *Williams v. Abington School District*, 40 Pa. Commonwealth Ct. 535, 397 A.2d 1282 (1979); *Sharon City School District v. Hudson*, 34 Pa. Commonwealth Ct. 278, 383 A.2d 249 (1978). At the hearing before the school directors the chief school administrator testified that the appellant was demoted because no students had enrolled in one

of the programs for which she had primary responsibility. He explained that the school authorities had chosen not to demote other teachers with less service at the elementary school level, where the appellant has no experience, because of a reluctance to disrupt the established program at that level.

On the basis of this evidence, the Secretary found that the school directors' action demoting the appellant to be properly motivated and reasonable and not in violation of Section 1151. We agree.

We note that this case is not controlled by *Shestack v. General Braddock Area School District,*    Pa. Commonwealth Ct.    , 437 A.2d 1059 (1981), where we held that Section 1125.1(c) of the Public School Code, 24 P.S. §11-1125.1(c) compels a school district undergoing a realignment of professional staff brought on by a decline in pupil enrollment generally, and involving the suspension and demotion of employees, to realign its staff so as to ensure that more senior employees are provided with the opportunity to fill positions for which they are certificated and which are being filled by less senior employees. In the case at bar, the appellant claims only that she has been improperly demoted within the meaning of Section 1151 of the Public School Code and does not claim that there has been a realignment of professional staff at the Jenkintown School District or that the action of the school directors with respect to her position of employment was an improper realignment of professional staff in violation of Section 1125.1(c).

Order affirmed.

ORDER

AND Now, this 1st day of March, 1982, the order of the Secretary of Education is affirmed.

Judge PALLADINO did not participate in the decision in this case.