Donald C. Metzger, Appellant *v.* Zoning Hearing Board of the Township of Warrington, Appellee.

Argued June 7, 1984, before Judges CRAIG, DOYLE and BLATT, sitting as a panel of three.

302

*David L. Shenkle, Eastburn and Gray,* for appellant.

*R. Barry McAndrews,* for appellee.

Opinion by Judge Blatt, September 25, 1984:

The appellant, Donald Metzger, appeals here from an order of the Bucks County Court of Common Pleas dismissing his appeal from a decision of the Warrington Township Zoning Hearing Board (Board).

On November 23, 1981, the appellant was issued a cease and desist order by the Township's Zoning Officer directing him to remove all vehicles, automobile parts and equipment from his property in the Township, on which he had purportedly been conducting a prohibited junk and salvage yard operation with unlawful outside storage. On December 7, 1981, he conveyed the property in question to the Nockamixon-Bucks County Industrial Authority, which in turn held legal title for the benefit of the Johnson Philadelphia Company, the current owner (owner). The owner leased the property back to the appellant, subject to

a proviso that the appellant could terminate the lease upon sixty days notice if he was unsuccessful in appealing the cease and desist order.

On May 5, 1982, the Township held a hearing on the appellant's appeal from the action of the Zoning Officer. And on May 10, 1981, the owner gave the appellant sixty days' notice to clean up the property and vacate the premises. On June 16, 1982, the Board issued its order, which, *inter alia,* directed the appellant to comply with the cease and desist order.

The appellant thereafter discontinued his business, cleared up the property, and removed himself therefrom within sixty days of the Board's order. He subsequently appealed the Board's order to the Bucks County Court of Common Pleas which, after supplementing the Board's record by deposition and additional documents, dismissed the appeal as moot, holding that there was no longer a controversy and that the appellant lacked standing. The instant appeal ensued.

Our scope of review in a case where, as here, the lower court took additional evidence, is to determine whether or not the lower court abused its discretion or committed an error of law. *Minnick v. Zoning Hearing Board, Town of McCandless,* 71 Pa. Commonwealth Ct. 333, 455 A.2d 243 (1983).

The appellant contends that the court below erred in dismissing his appeal as moot, asserting that he possesses an equitable leasehold in the subject property, and is thereby a "landowner" for purposes of pursuing a zoning appeal. He alternatively contends that he has a sufficient interest in the property to entitle him to standing as an aggrieved person.

The appellant's initial assertion that he is the holder of an equitable leasehold in the subject property is based upon an alleged oral agreement with the owner

that he may repossess the property should he prevail in appealing the Township's cease and desist order. He contends this status is equivalent to the definition of "landowner" set forth in Section 107(12) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10-107(12). We disagree.

Section 107(12) defines a "landowner", for purposes of the MPC, as

> the legal or beneficial owner or owners of land including the holder of an option or contract to purchase (whether or not such option or contract is subject to any condition), a lessee if he is authorized under the lease to exercise the rights of the landowner, or other person having a proprietary interest in land. . . .

The above-quoted section extends the status of landowner to legal or beneficial property owners, including those with an option or contract to purchase property. Lessees are deemed "landowners", however, only when they are specifically authorized to exercise landowner rights pursuant to terms of a lease. This Court may not, therefore, confer "landowner" status upon the appellant, who allegedly possesses merely a contingent interest in a possible future lease. And, inasmuch as the appellant fails to qualify as a "landowner", not being the owner or lessee of the property, and does not assert any proprietary interest therein, the court below committed no error in failing to grant him standing as a "landowner".

The appellant also contends that, under prior case law, he qualifies for standing as an aggrieved person, notwithstanding that he has sold the property and quit the premises, which are currently in compliance with the Township ordinances, and cites *Graack v. Board of Supervisors of Lower Nazareth Township,* 17 Pa. Com-

monwealth Ct. 112, 330 A.2d 578 (1975) as a supporting and controlling authority.

The question of whether or not a former legal owner had standing to challenge zoning ordinances affecting the subject property was presented in *Graack* where we stated that to be an "aggrieved person" for purposes of maintaining suit, an appellant " 'must have a direct interest in the subject matter of the particular litigation, otherwise he can have no standing to appeal . . . [H]is interest must be immediate and pecuniary, . . . not a remote consequence, . . . . [T]he interest must also be substantial. . . .' " *Id.* at 115-16, 330 A.2d at 580 *quoting Cablevision v. Zoning Board of Easton,* 13 Pa. Commonwealth Ct. 232, 235, 320 A.2d 388, 390 (1974).

In *Graack* we found that the appellant challenging the ordinance in question, who held a purchase money mortgage on the subject property, who also owned other property in the township, and who was joined in the appeal by the present owner of the property, did meet the test for standing enunciated in *Cablevision.* The appellant here, however, does not challenge the validity of the applicable ordinance, only the enforcement of an order issued pursuant to it, nor is he joined in this appeal by the current owner and possessor of the subject property. Ample basis exists, therefore, on which to distinguish the instant case from the facts and result in *Graack,* as well as for our conclusion that the appellant here lacks a sufficiently substantial interest to warrant standing in this matter.

We will, therefore, affirm the order of the court below dismissing the appeal of the appellant.

ORDER

AND Now, this 25th day of September, 1984, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is hereby affirmed.