112 Pa. Commonwealth Ct. 529 (1988)
535 A.2d 1229
Richard R. Reed and Joyce Struble, Petitioners
v.
Juniata-Mifflin Counties Area Vocational-Technical School, Respondent.
No. 2918 C.D. 1986.
Commonwealth Court of Pennsylvania.
Argued November 17, 1987.
January 14, 1988.
*530 Argued November 17, 1987, before Judges MacPHAIL, COLINS, and Senior Judge NARICK, sitting as a panel of three.
*531 William A. Hebe, Spencer, Gleason & Hebe, for petitioners.
John R. Miller, Jr., Miller, Kistler & Campbell, Inc., for respondent.
OPINION BY JUDGE MacPHAIL, January 14, 1988:
Richard R. Reed and Joyce Struble (Petitioners) petition for our review of an order of the Acting Secretary of Education which upheld their demotions from full-time to part-time professional employees with the Juniata-Mifflin Counties Area Vocational-Technical School and denied their claim for back pay. We affirm.
The record reflects that Petitioners had both worked as full-time instructors when their teaching load was reduced to part-time for the 1984-85 school year due to a decline in enrollment in their respective courses for that year.[1] Petitioners also received a commensurate reduction in their pay. The decrease in their work schedules occurred as a result of the implementation of a 1982 School Board policy which requires that a minimum of twenty-five students be enrolled in each course at the beginning of the school year in order to maintain both a morning and afternoon session for that subject. For the 1984-85 school year only seventeen students were enrolled in Ms. Struble's course, while eighteen had enrolled in Mr. Reed's class.
*532 On June 13, 1984, Petitioners were notified by letter that the School Board was tentatively planning to reduce their work load to one-half time and that a final decision would be made at the regular July 10, 1984 Board meeting. On July 13, 1984, Petitioners were notified by letter that the Board had, in fact, reduced Petitioners to a part-time work load effective with the beginning of school. The action was identified by the School Board as a "suspension (furlough)" and each Petitioner was informed that they were entitled to a hearing upon request. Petitioners requested a combined hearing which was ultimately held on April 17, 1985. The School Board issued adjudications following the hearing which upheld the work reduction and, on appeal, the Acting Secretary of Education affirmed.
We note as a preliminary matter, that the actions taken by the School Board in this case were clearly demotions rather than suspensions or furloughs. As we stated in the case of Norwin School District v. Chlodney, 37 Pa. Commonwealth Ct. 284, 286, 390 A.2d 328, 330 (1978) (emphasis deleted), "a reduction in pay and responsibilities, rather than a complete termination, renders a transfer to part-time status a demotion rather than a suspension."[2]
Three issues are before us for disposition in the instant appeal: (1) whether the School Board's failure to conduct a pre-demotion hearing rendered the demotions invalid, (2) whether Petitioners are entitled to back pay for the period of time between the initial demotion *533 action and the post-demotion hearing, and (3) whether the basis for the demotions was valid.[3] Our scope of review from a decision of the Acting Secretary is to determine whether Petitioners' constitutional rights have been violated, an error of law committed or whether any necessary fact findings are not supported by substantial evidence. Belasco v. Board of Public Education, 510 Pa. 504, 510 A.2d 337 (1986); Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.
We turn first to the issue of Petitioners' entitlement to a pre-demotion hearing. In the case of School District of Philadelphia v. Twer, 498 Pa. 429, 447 A.2d 222 (1982), our Supreme Court analyzed the statutory due process rights of professional employees who had been demoted as a result of budgetary constraints in the Philadelphia School District. The District had afforded the approximately 240 demoted employees with individual notices and a mass pre-demotion hearing which clearly failed to satisfy statutory hearing requirements. See Sections 1151 and 1127 of the Code, 24 P.S. §§11-1151 and 11-1127. The District, instead, proposed to afford individual post-demotion hearings.
The Court concluded in Twer that, under the facts presented, a full pre-demotion hearing would unnecessarily hamper the District in its good faith efforts to administer an efficient school system within the dictates of a balanced budget requirement. The Court reasoned *534 that while a hearing prior to demotion generally may be required, such pre-demotion hearings are not mandatory where they would interfere with the primary purposes of the Code and the broad discretionary powers of the board to operate the school district within the public interest. The Court further noted that the rights of the professional employees involved would be fully protected by the post-demotion procedure proposed by the District.
Similarly, in the instant case we believe that Petitioners' rights were adequately protected by the procedure employed by the School Board which at the same time ensured the Board's ability to efficiently operate the school. Implementation of the School Board's established minimum enrollment policy necessarily requires annual flexibility and places obvious time constraints on pre-demotion procedures. In the instant case, we observe that while Petitioner Reed requested a hearing by letter dated August 1, 1984, Petitioner Struble did not request a hearing until August 29, 1984. The difficulties in scheduling full pre-demotion hearings before the start of the school year under such circumstances are clear. We believe that the pre-demotion notice coupled with the opportunity for a post-demotion hearing provided by the School Board in this case provided sufficient due process protection to Petitioners.
We must reject Petitioners' argument that the Supreme Court's decision in Twer reflects an aberration in demotion law. Despite the fact that this case does not involve a large number of employees as in Twer, we have found the Court's analysis in Twer to be fully applicable here. See also School District of Philadelphia v. Brockington, 98 Pa. Commonwealth Ct. 534, 511 A.2d 944 (1986) (applying Twer to conclude that a school board's efficiency would be unduly hampered by requiring a pre-demotion hearing prior to transferring a professional *535 employee from a position to which he had been improperly assigned).
Petitioners also argue that the decision of the United States Supreme Court in Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985) supports their entitlement to a pre-demotion hearing. In Loudermill, an Ohio civil service employee was discharged without an opportunity to respond to the charges against him prior to the termination of his employment. The Court noted that although the Ohio statute itself was the source of Loudermill's property interest in his civil service employment, constitutional due process requirements must provide the guide in determining the extent of process due the employee before discharge. The Court reasoned that such a determination involved a balancing of several competing interests: "the private interest in retaining employment, the governmental interest in the expeditious removal of unsatisfactory employees and the avoidance of administrative burdens, and the risk of an erroneous termination." Id. at 542-43. The Court determined that due process requirements would be satisfied by an informal pretermination opportunity to respond to the employer's charges as "an initial check against mistaken decisions  essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action." Id. 545-46. See Adamovich v. Department of Public Welfare, 95 Pa. Commonwealth Ct. 22, 504 A.2d 952 (1986).
In the instant case, of course, we are dealing with a demotion rather than termination. Moreover, these cases do not involve charges concerning misconduct on the part of the teachers. Instead, the demotions were effected as an administrative response to a decline in course enrollment. Considering the interests involved in the present case, to wit, the private interests of the *536 professional employees in retaining full-time employment and the administrative interest in the timely implementation of its enrollment policy, we must again conclude that the procedure employed by the School Board was adequate. We observe in this regard that Petitioners were given written notice of the impending demotions prior to the School Board meeting on July 10, 1984. The record does not indicate that either of Petitioners attended that meeting. Petitioners were also given notice and an opportunity to be heard at a post-demotion hearing. We believe that Petitioners' due process rights have been adequately protected when viewed against the Supreme Court's analysis in Loudermill.
Petitioners next challenge the basis for the demotions. In order for a demotion to be overturned on the merits, the professional employee has the burden of proving that the demotion, which is presumptively valid, was arbitrary, discriminatory or founded upon improper considerations. Sharon City School District v. Hudson, 34 Pa. Commonwealth Ct. 278, 383 A.2d 249 (1978). We believe that Petitioners have failed to meet their burden.
Our decision in Green v. Jenkintown School District, 65 Pa. Commonwealth Ct. 68, 441 A.2d 816 (1982) is authority for the proposition that it is reasonable and proper for a school board to demote a teacher from full-time to a part-time course load based on insufficient student interest in the courses for which that teacher is primarily responsible. In the matter at bar, Petitioners contend that the School Board policy regarding minimum enrollment levels is arbitrary and renders instruction difficult in that a single class session may include three grade levels rather than the usual two levels which are included when multiple daily sessions are scheduled. It is clear that, in essence, Petitioners simply *537 dispute the wisdom of the current enrollment policy. There is no dispute that the enrollment in Petitioners' classes indeed fell below the required minimum and that the policy, as stated, was properly applied in these cases. We, of course, are not free to substitute our own discretion for that of the School Board in setting policies such as that involved here. We, accordingly, find that the demotions were properly imposed.
The final issue for our review involves Petitioners' claim for back pay from the date of their demotions until the post-demotion hearing was held on April 17, 1985. Having found that the demotions were valid and that Petitioners' due process rights were not violated by the procedures followed by the School Board, we conclude that back pay was properly denied. See Brockington.
The order of the Acting Secretary will, accordingly, be affirmed.

ORDER
The order of the Acting Secretary of Education in the above-captioned matter is hereby affirmed.
NOTES
[1] Ms. Struble instructed in the area of textile production and Mr. Reed taught electrical instruction during the period here at issue.
[2] The import of this distinction is that the Secretary of Education does not have jurisdiction over appeals from suspensions, but does have jurisdiction over appeals from demotions. Chlodney. Thus, the appeals here were properly taken to the Acting Secretary pursuant to Sections 1131 and 1151 of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, as amended, 24 P.S. §§11-1131 and 11-1151.
[3] Although Petitioners have not included a challenge to the merits of the School Board's demotion decision as one of the stated issues in their brief, we will nevertheless consider the issue since it was raised below and at oral argument and has been fully briefed by the School Board. We cation counsel, however, that Pa. R.A.P. 2116 regarding the statement of questions involved "is to be considered in the highest degree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby."