542 A.2d 216

Joel M. Price and Mark Wolford and Steve Hvizdzak, Jr. *v.* The Zoning Hearing Board of the Township of Bradford et al. Joel M. Price and Mark Wolford, Appellants.

Argued April 18, 1988, before Judges CRAIG and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Gregory A. Henry,* for appellants.

*William J. Kubiak, McDowell, McDowell, Wick &
Daly,* for intervenor, Lewis E. Egbert.

OPINION BY JUDGE CRAIG, June 6, 1988:

Joel Price, Mark Wolford, and Steve Hvizdzak, Jr.,
(objectors) appeal an order of the Court of Common
Pleas of McKean County, affirming a decision of the
Zoning Hearing Board of Bradford Township and grant-
ing the intervenor, Lewis Egbert, a building permit
and certificate of zoning compliance.

The facts as found by the trial court are as follows. In
April 1986, Egbert purchased a structure located at 434
South Avenue from the Fraternal Order of the Eagles
(FOE). The FOE had used the structure since 1947 as a
club meeting hall, and for club dinners and dances,
with a bar for club members. On December 1, 1985,
the FOE stopped using the building.

In 1963 the township passed a zoning ordinance
which placed the FOE building in an R-6 residential
district. The FOE's use of the building as a meeting hall
for a fraternal organization was not a permitted use in
the R-6 district. However, because the FOE had legally
used the building since 1947, FOE's use after the 1963
zoning ordinance had constituted a legal non-con-
forming use.

On April 21, 1986, Egbert filed a zoning application
to build an addition to the structure. The application
stated that Egbert intended to use the building as a res-

taurant and bar. The zoning officer issued a building permit and a certificate of zoning compliance. The objectors appealed to the Bradford Township Zoning Hearing Board. The board affirmed the decision of the zoning officer.

On this appeal from the trial court's affirmance of the decision of the zoning hearing board, the issue is whether the trial court erred in concluding that Egbert's proposed use of the building as a restaurant and bar is a continuation of the FOE's nonconforming use. Because we conclude that Egbert's proposed use is not a continuation of the FOE's non-conforming use, we reverse.[1]

Where, as in this case, the trial court takes additional evidence, our scope of review is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Metzger v. Zoning Hearing Board of the Township of Warrington,* 85 Pa. Commonwealth Ct. 301, 481 A.2d 1234 (1984).

In determining whether a use is continuation of legal non-conforming use, the court must determine whether the use is similar to or different from that of the previous owner. *Bevans v. Hilltown Township,* 72 Pa. Commonwealth Ct. 227, 457 A.2d 977 (1983). In affirming the zoning hearing board, the trial court concluded that "the nature and extent of the use proposed by Egbert is not substantially different from the nonconforming use that existed in 1963."

In order to determine whether the non-conforming use and the proposed use are the same, "[w]e must look to the applicable zoning ordinance's structure as our

---

[1] The objectors also assert that the trial court erred in failing to conclude that FOE abandoned their non-conforming use. Because we reverse on the basis that Egbert's proposed use is not a continuation of FOE's non-conforming use, we need not address that issue.

chief guide with respect to how uses are categorized for the particular municipality." *Gustin v. Zoning Board of Sayre Borough,* 55 Pa. Commonwealth Ct. 410, 412, 423 A.2d 1085, 1086 (1980); *see* R. Ryan, Pennsylvania Zoning Law and Practice §4.2.1 (1970). The Bradford Township Zoning Ordinance *only permits* "meeting halls for private clubs, lodge or fraternal organizations"—which was the former use of the property by FOE—in an R-6 district, by special exception. The R-6 district does not allow restaurants or bars, either as permitted uses or as special exceptions.

A restaurant and bar, the proposed use by Egbert, is permitted only in C-N, C-1, and C-2 districts. None of those commercial districts permit meeting halls for clubs or fraternal organizations.

Thus, as designated by the zoning ordinance, Egbert's use of the building as a restaurant *is* different from the FOE's use of the building as a meeting hall. Therefore, the trial court committed an error of law in concluding that Egbert's proposed use was a continuation of the FOE's non-conforming use. *Bevans.*

Accordingly, we reverse.

### ORDER

Now, June 6, 1988, the order of the Court of Common Pleas of McKean County, at No. 11 Equity Docket of 1986, dated January 9, 1987, is reversed.