624 A.2d 788

**Louis PIAZZA, Petitioner,**

v.

**MILLVILLE AREA SCHOOL DISTRICT and Board of Directors, Respondents.**

Commonwealth Court of Pennsylvania.

Argued Feb. 2, 1993.

Decided April 21, 1993.

178

A. Martin Herring, for petitioner.

Stephen S. Russell, Chief Counsel, for respondents.

Before PALLADINO and PELLEGRINI, JJ., and WRIGHT, Senior Judge.

WRIGHT, Senior Judge.

Louis Piazza (hereinafter "Petitioner") appeals an order of the Secretary of Education of the Commonwealth of Pennsylvania (hereinafter "Secretary") dismissing Petitioner's appeal of the Millville Area School District Board of Education's (hereinafter "Board") determination that the Millville Area School District's (hereinafter "Respondent") demotion of Petitioner from a full-time professional employee to a three-fourths time professional employee was both valid and warranted under the Public School Code (hereinafter "Code").[1]

The record reflects that Petitioner is Respondent's professional employee. Specifically, Petitioner is certified to teach music education, kindergarten through twelfth grade, and has served in this capacity as well as Respondent's Band Director for approximately eleven (11) years. In December of 1989, Petitioner resigned as Band Director but otherwise continued his full-time professional employment with Respondent during the 1989–90 academic school year.

Certain circumstances surrounding Petitioner's employment with Respondent must be brought to fore:

–during the 1987–88 academic school year, the Band enrollment totaled 102 students;

–during the 1989–90 academic school year, the Band enrollment totaled ninety-three (93) students; and,

–during the 1990–91 academic school year, the Band enrollment totaled seventy-three (73) students.[2]

---

1. Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§ 1–101—27–2702.

2. During this particular period of time the enrollment in the Band program was roughly the same as the enrollment in the Music program.

Respondent avers that it was due to this trend of declining enrollment in both the Band program as well as the Music program that precipitated certain changes:

–Respondent curtailed its high school music program; and,

–on or about August 13, 1990, Respondent voted to change Petitioner's duties from a full-time professional employee to a three-fourths time professional employee.

Both Petitioner and Respondent agree that this change in Petitioner's duties constituted a demotion of Petitioner.

Petitioner did not consent to this demotion and pursuant to applicable Pennsylvania law, Petitioner requested a hearing before the Board. *See* 24 P.S. § 11–1151 (Salary increases, demotions) [3]. Subsequently, the Board conducted a hearing to consider the validity of Petitioner's demotion. On or about January 14, 1991, the Board determined that Respondent's demotion of Petitioner was both valid and warranted under the circumstances.

Petitioner timely appealed the Board's determination to the Secretary averring his demotion was arbitrary because:

–the Board did not consider Petitioner's seniority in its determination; and,

–the demotion was merely the Board's retaliation for Petitioner having resigned as Band Director.

On or about April 7, 1992, the Secretary dismissed Petitioner's appeal finding Petitioner failed to establish that the Board's affirmation of Respondent's demotion of Petitioner was either arbitrary or founded upon improper considerations. Furthermore, the Secretary found it did not have jurisdiction over Petitioner's claim that the Board failed to consider seniority when the Board demoted Petitioner.

**3.** "[T]here shall be no demotion of any professional employe either in salary or in type of position, except as otherwise provided in this act, without the consent of the employe, or, if such consent is not received, then such demotion shall be subject to the right to a hearing before the board of school directors and an appeal in the same manner as hereinbefore provided in the case of the dismissal of a professional employe." 24 P.S. sec. 11–1151.

Petitioner has timely appealed to the Commonwealth Court of Pennsylvania (hereinafter "Court") averring the Respondent's failure to consider seniority and realignment with respect to Petitioner's demotion was both arbitrary and capricious and thereby in contravention of applicable Pennsylvania law. This secondary review of a Commonwealth agency's determination followed.

## DISCUSSION

■ The Commonwealth Court's review of an order of the Secretary of Education dismissing an appeal from the demotion of an employee is limited to a determination of:

--whether the secretary's adjudication was in accordance with the law;

--whether the petitioner's constitutional rights were violated; and,

--whether the findings of the secretary were supported by substantial evidence.

*Brown v. School District of Cheltenham Township*, 53 Pa. Commw. 483, 417 A.2d 1337 (1980) (interpreting 24 P.S. § 11–1151).

■ Generally, under 24 P.S. sec. 11–1151, a professional school employee may be demoted only if the demotion is not arbitrary or capricious, and only after the employee has consented to the demotion or has been accorded procedural safeguards set forth by the Public School Code Act. *Jost v. Phoenixville Area School District*, 267 Pa.Super. 461, 406 A.2d 1133 (1979) (interpreting 24 P.S. sec. 11–1151 within the context of demotions). Demotions pursuant to the Public School Code are presumptively valid, and an employee has a heavy burden of proving that the school board acted arbitrarily or upon improper considerations. *Green v. Jenkintown School District*, 65 Pa.Commw. 68, 441 A.2d 816 (1982) (interpreting 24 P.S. § 11–1151 within the context of burden of proof). *See also Williams v. Abington School District*, 40 Pa.Commw. 535, 397 A.2d 1282 (1979) (demoted employee bears heavy burden of proving school board acted arbitrarily or upon improper considerations); *Sharon City School Dis-*

*trict v. Hudson,* 34 Pa.Commw. 278, 383 A.2d 249 (1978) (demoted employee has burden of proving school board's action to be arbitrary, discriminatory, or founded upon improper considerations), *superseded by statute in Fry v. Commonwealth,* 86 Pa.Commw. 206, 485 A.2d 508 (1984) (neither overruled nor discussed a professional school employee's burden of proof on appeal).

Respondent avers that Petitioner's demotion was grounded in the fact that enrollment was steadily declining in both the Band program as well as the Music program.

█ On the other hand, Petitioner relies upon a Pennsylvania statute to support his argument that a school district must consider both seniority and realignment in the demotion of its professional employees. *See* 24 P.S. § 11–1125.1 (Persons to be suspended). The Court notes that the aforementioned statute must be considered in conjunction with 24 P.S. § 11–1124 (Causes for suspension); 24 P.S. § 11–1124 enumerates specific reasons for which a professional school employee may be suspended by any board of school directors. Specifically, Petitioner avers 24 P.S. § 11–1125.1(c) addresses the crux of his argument: "A school entity [Respondent] shall realign its professional staff so as to insure that more senior employees are provided with the opportunity to fill positions for which they are certificated and which are being filled by less senior employees." 24 P.S. § 11–1125.1(c).

The Secretary held that the Board hearing was "[C]onducted under [24 P.S.] Section [11–]1151 for the limited purpose of determining whether the demotion was arbitrary. Mr. Piazza [Petitioner] cannot now raise [24 P.S.] Section [11–]1125.1 issues of seniority in an appeal before the Secretary from a decision rendered by the Board at a Section [11–]1151 hearing below ... the Secretary does not have jurisdiction over such [seniority] matters." Reproduced Record pp. 48–49 (Secretary's Opinion).

With respect to consideration of seniority regarding a professional school employee's demotion, this Court has held that a professional school employee who was demoted as a result of

an enrollment decline, and who complained that the school district had realigned its professional staff otherwise so as to insure that more senior employees were provided with the opportunity to fill positions for which they were certificated and which were being filled by less senior employees, had a right to a hearing on that [seniority] issue to be conducted by school directors and thence by appeal pursuant to 2 Pa.C.S.A. sec. 752 to the *Court of Common Pleas. Shestack v. General Braddock Area School District,* 63 Pa.Commw. 204, 437 A.2d 1059 (1981) (interpreting 24 P.S. § 11–1125.1 (emphasis added).

*Shestack's* interpretation of 24 P.S. § 11–1125.1 then, leads to the direct conclusion that any appeal of a school board's determination raising the issue of seniority is deemed an appeal under 24 P.S. § 11–1125.1(c), appealable under local Agency Law to the Court of Common Pleas. *Shestack* at 207–09, 437 A.2d at 1061–62. Hence, the Secretary was correct in determining that it did not have jurisdiction over Petitioner's claim that the Respondent/Board failed to consider Petitioner's seniority with respect to Petitioner's demotion; appellate jurisdiction regarding these seniority issues lies with the Court of Common Pleas.

In addition, with respect to consideration of realignment regarding a professional school employee's demotion, this Court has held that any appeal of a school board's determination raising the issue of realignment is also deemed an appeal under 24 P.S. § 11–1125.1(c), appealable under Local Agency Law to the *Common Pleas Court. See Fry* at 210, 485 A.2d at 510.

Petitioner has not, in fact, carried his heavy burden of proving that this predictable, typical response to declining enrollment was either arbitrary, or discriminatory, or founded upon improper considerations. *Green* 65 Pa.Commw. at 70, 441 A.2d at 817; *Williams* 40 Pa.Commw. at 537, 397 at A.2d 1283; *Sharon City* 34 Pa.Commw. at 286, 383 A.2d at 253. Additionally, as the Secretary points out, this Court has upheld demotions of professional employees due to declining

enrollment. *Reed v. Juniata–Mifflin Counties Vocational–Technical School,* 112 Pa.Commw. 529, 535 A.2d 1229 (1988), *appeal denied* 518 Pa. 652, 544 A.2d 963 (1988); *Green* 65 Pa.Commw. at 70–71, 441 A.2d at 818.

This Court finds:

–first, the Secretary's adjudication was in accordance with applicable Pennsylvania law;

–second, Petitioner's constitutional rights were not violated; and,

–third, the findings of the Secretary were, in fact, supported by substantial evidence.

*Brown* 53 Pa.Commw. at 485, 417 A.2d at 1338.

■ Finally, the Court acknowledges Petitioner's argument on appeal that Respondent's alleged failure to consider seniority and realignment with respect to Petitioner's demotion was in contravention of applicable Pennsylvania law. This Court, however, bound by the limited scope of review expounded in *Brown,* is powerless to determine whether *Respondent's* demotion of Petitioner was in accordance with applicable Pennsylvania law; this Court only has jurisdiction to determine whether the *Secretary's* adjudication was in accordance with applicable Pennsylvania law. *See Brown* at 485, 417 A.2d at 1338.

Accordingly we affirm the Secretary's April 7, 1992 Order.

### ORDER

AND NOW, this 21st day of April, 1993, the order of the Secretary of the Education of the Commonwealth of Pennsylvania in the above-captioned matter is hereby affirmed.