625 A.2d 203

**Frank MECK, Appellant,**

**v.**

**CARLISLE AREA SCHOOL DISTRICT.**

Commonwealth Court of Pennsylvania.

Argued Dec. 16, 1992.

Decided May 5, 1993.

470

J. Paul Helvy, for appellant.

James D. Flower, for appellee.

Before DOYLE and SMITH, JJ., and LORD, Senior Judge.

DOYLE, Judge.

Frank Meck appeals from the order of May 15, 1992, of the Court of Common Pleas of Cumberland County, which

quashed Meck's appeal from the decision of the School Board of the Carlisle Area School District (District) demoting Meck.

Since 1979, Meck has been a full-time tenured professional employee of the District. Meck is only certified to teach drafting. During the 1990–91 school year, Meck taught drafting for a total of six periods out of a possible seven periods per day. The District's Collective Bargaining Agreement provided that each teacher receive one "prep" period per day, in which to plan the following day's courses. Teachers are also routinely assigned "extra duty" periods to supervise study halls or similar activities if they have any remaining unused periods out of their total of seven periods per school day.

During the 1991–1992 school year, Meck was scheduled to teach four separate classes. However, due to declining student enrollment in Meck's courses, these classes were consolidated into two classes of two periods each for a total of four periods per day. At its regular meeting of July 18, 1991, the School Board adopted a resolution "demoting" [1] Meck from a full-time to a 70% schedule for the 1991–1992 school year pursuant to Section 1147 of the Code.[2] Meck appealed the decision and a hearing was held on August 1, 1991 before the School Board.

Before the Board, Meck did not directly challenge the propriety of his demotion, but instead argued that his workload was improperly reduced because teachers with less seniority were assigned extra duty periods for which Meck was qualified. Meck based this argument on Section 11–1125.1(c)

---

1. A demotion is a reduction in an employee's salary and/or type of position. *See* Section 1151 of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. § 11–1151; *Smith v. School District of the Township of Darby,* 388 Pa. 301, 130 A.2d 661 (1957).

2. Section 1147 of the Code provides, in pertinent part, that:

   Teachers who may be employed in giving instruction for only part of a day, shall render such other service for such period of time per day as the board of school directors may direct, but if such service cannot be assigned to the teacher by the board of school directors, the salary paid to such teacher shall be proportioned to the number of hours of service rendered.

   24 P.S. § 11–1147.

of the Code,[3] which requires school districts, when there has been a consolidation of departments or programs, to realign their professional staff to ensure that senior employes fill positions for which they are certified before they are filled by less senior employes. The Board rejected Meck's argument that the District failed to properly realign its staff and concluded that Meck was demoted and that such demotion was rational and not based upon improper or arbitrary considerations.

Meck then filed an Application for Relief pursuant to Section 751 of the Local Agency Law, 2 Pa.C.S. § 751, with the Court of Common Pleas of Cumberland County, not challenging his demotion, but arguing a failure to properly *realign* the professional staff under Section 1125.1(c) of the Code. On September 5, 1991 the common pleas court issued a Rule against the District to show cause why the court should not grant Meck's Application. On September 19, 1991 the District filed a Motion to Quash the Application arguing that the appeal should have been taken to the Secretary of Education and that common pleas court lacked jurisdiction. The common pleas court found no evidence of a consolidation under Section 1125.1 of the Code, and further found that Meck was, in fact, demoted under the Code. Consequently, the common pleas court found that the Secretary of Education had jurisdiction over Meck's appeal from the School Board's decision under Section 1131 of the Code.[4] Based on those findings, the

---

**3.** Section 1125.1 of the Code provides, in relevant part, that:

(b) Where there is or has been a consolidation of schools, departments or programs, all professional employes shall retain the seniority rights they had prior to the reorganization or consolidation.

(c) A school entity shall realign its professional staff so as to insure that more senior employes are provided with the opportunity to fill positions for which they are certificated and which are being filled by less senior employes.

Section 1125.1 of the Act of March 10, 1949, P.L. 30, *added by* Section 3 of the Act of November 20, 1979, P.L. 465, *as amended,* 24 P.S. § 11–1125.1(b) and (c).

**4.** Section 1151 of the Code provides that:

[T]here shall be no demotion of any professional employe either in salary or in type of position, except as otherwise provided in this act, without the consent of the employe, or, if such consent is not

common pleas court granted the District's Motion to Quash on May 15, 1992, dismissing Meck's appeal. Meck now appeals to this Court.

■ The sole issue before us is whether the common pleas court had jurisdiction over Meck's appeal from the adjudication of the School Board or erred in dismissing it. The proper route of Meck's appeal depends entirely of course upon whether Meck was demoted under Section 1151 of the Code or whether there was an improper realignment of professional staff after a "consolidation of departments or programs" under Section 1125.1(c). On appeal, Meck argues that the reduction in his salary and workload was an improper realignment of the District's professional staff in violation of Section 1125.1(c), specifically claiming that the District should have assigned him "extra-duty" periods such as study hall supervision which are currently assigned to less senior employes. Meck contends that, had he been assigned more extra-duty periods as Section 1125.1(c) requires, he would have remained a full-time employe.

Meck correctly states that the exclusive method of appeal from a "realignment" of school staff is to the common pleas

received, then such demotion shall be subject to the right to a hearing before the board of school directors and an appeal in the same manner as hereinbefore provided in the case of the dismissal of a professional employe.
24 P.S. § 11–1151.
Section 1131 of the Code, which governs the appeal procedure upon dismissal, provides, in relevant part, that:
   In case the professional employe concerned considers him [sic] or herself aggrieved by the action of the board of school directors, an appeal by petition, setting forth the grounds for such appeal, may be taken to the Superintendent of Public Instruction at Harrisburg. . . .
24 P.S. § 11–1131. The Superintendent of Public Instruction is now the Secretary of Education, who has exclusive jurisdiction over such matters. *Racunas v. Ringgold School District*, 70 Pa.Commonwealth Ct. 221, 452 A.2d 917 (1982).
   In contrast, challenges to improper realignments after a consolidation are governed by Section 1125.1(f) of the Code, 24 P.S. § 11–1125.1(f), which provides that such decisions are appealable under the Local Agency Law, 2 Pa.C.S. § 752, to the court of common pleas in the county in which the local agency is located. *Shestack v. General Braddock Area School District*, 63 Pa.Commonwealth Ct. 204, 437 A.2d 1059 (1981).

court and that the school is obligated to realign its staff according to seniority. *Shestack.* He also acknowledges that unfortunately, the School Code does not specifically define the terms "realignment" or "demotion." It is undisputed that the Board's action at issue, here, only affected Meck. Meck cannot cite to a realignment case affecting only one employee, and indeed, none exists. In all cases cited by Meck for authority to establish that the Board's action was a realignment, more than one professional employe was involved in the Board action at issue. The cases of employee realignment usually involve a group of teachers or administrators whose positions have been changed due to declining enrollment in their school or district. *Shestack* (23 employees); *Gibbons v. New Castle Area School District,* 93 Pa.Commonwealth Ct. 28, 500 A.2d 922 (1985) (5 employees), *reversed on other grounds,* 518 Pa. 443, 543 A.2d 1087 (1988). In contrast, demotions involve teachers reduced in rank or status as a result of lack of enrollment in the specific courses taught by them or as a result of negative evaluations. *Green v. Jenkintown School District,* 65 Pa.Commonwealth Ct. 68, 441 A.2d 816 (1982). *Patchel v. Board of School Directors of Wilkinsburg School District,* 42 Pa.Commonwealth Ct. 34, 400 A.2d 229 (1979).

The common pleas court based its ruling that Meck was demoted on *Green.* In *Green,* the teacher had been demoted from full-time to part-time status because of the lack of student enrollment in her courses. We held this to be a proper and valid demotion. Meck attempts to distinguish *Green* by noting that Green did not argue that there was an improper realignment of staff. However, the language cited by Meck does not negate the holding that such a reduction to part-time status is a demotion. Indeed, like Meck, Green established before the school board that less senior teachers, who held positions for which she was qualified, were not demoted. *Id.* 65 Pa.Cmwlth Ct. at 70, 441 A.2d at 817. *Green,* therefore, is "on all fours" with Meck's factual situation.

Meck's situation is also similar to that of the appellants in *Reed v. Juniata–Mifflin Counties Area Vocational School,* 112

Pa.Commonwealth Ct. 529, 535 A.2d 1229 (1988), *petition for allowance of appeal denied,* 518 Pa. 652, 544 A.2d 963 (1988). In *Reed,* the appellants were full-time teachers who had been reduced to part-time status after a lack of enrollment in their respective courses. The reduction was due to a new school policy which required that all courses have a minimum enrollment of 25 students. The School District characterized the reduction in work load as a "suspension (furlough)." *Id.* 112 Pa.Cmwlth Ct. at 532, 535 A.2d at 1231. In response, this Court stated that:

> [T]he actions taken by the School Board in this case were clearly demotions rather than suspensions or furloughs.... '[A] reduction in pay and responsibilities, rather than a complete termination, renders a transfer to part-time status a demotion rather than a suspension.' ...

*Id.* (Citation omitted) (footnote omitted).

That same logic applies here, and Meck was demoted. The common pleas court was clearly justified in determining that it lacked jurisdiction because jurisdiction over demotion appeals lies with the Secretary of Education. Meck's argument that he could have been assigned "extra-duty" periods to retain his full-time status is irrelevant because it is addressed to the merits of his demotion.

■ Although we conclude that the trial court acted properly in determining that it lacked jurisdiction over the appeal, we believe that it did err in quashing rather than transferring the case to the Secretary of Education. Section 5103 of the Judicial Code, 42 Pa.C.S. § 5103, *mandates, inter alia,* transfer of cases erroneously appealed to a common pleas court where jurisdiction lies with another "tribunal."

Section 5103(a) pertinently provides that "[i]f an appeal ... is taken to or brought in a court ... which does not have jurisdiction of the appeal .. the court ... *shall not quash* such appeal or dismiss such matter but *shall* transfer the record to

the proper tribunal" (emphasis added).[5]

> Section 5103(d) of the Judicial Code defines tribunal as: [A] court or district justice or other judicial officer of this Commonwealth vested with the power to enter an order in a matter, the Board of Claims, the Board of Property, the Office of Administrator for Arbitration Panels for Health Care and any other similar agency.

We have held that in determining whether a particular entity is a tribunal for purposes of Section 5103(d) the relevant inquiries are whether the entity is a commonwealth agency with statewide jurisdiction, a criterion which the Secretary of Education obviously meets here, and whether the entity exercises jurisdiction involving subject matters which are, in other instances, within the original jurisdiction of the courts. *See Barner v. Board of Supervisors of South Middleton Township,* 113 Pa.Commonwealth Ct. 444, 537 A.2d 922 (1988). Here, the common pleas court obviously has jurisdiction of certain matters covered under the School Code as well as private causes of action for wrongful discharge. Accordingly, transfer is appropriate.[6] *See also Department of Labor and Industry v. Pennsylvania Human Relations Commission,* 118 Pa.Commonwealth Ct. 163, 545 A.2d 412 (1988) (Commonwealth Court directed transfer of case filed with the Human Relations Commission to the Office of Vocational Rehabilitation, Department of Labor and Industry); *Globe Disposal Co. Inc. v. Department of Environmental Resources,* 105 Pa.Commonwealth Ct. 599, 525 A.2d 437 (1987) (Court transferred case erroneously filed in Commonwealth Court's original jurisdiction to the Environmental Hearing Board); *St. Clair v. Pennsylvania Board of Probation and Parole,* 89 Pa.Commonwealth Ct. 561, 493 A.2d 146 (1985) (indicating in dicta that the Pennsylvania Board of Probation and Parole was a tribunal but declining to transfer because the appeal was untimely in any event).

**5.** We view this language as concerning subject matter jurisdiction and, hence, raise the transfer remedy sua sponte.

**6.** If for some reason Meck does not wish to pursue his case before the Secretary of Education, he can withdraw the appeal.

Accordingly, based upon the foregoing discussion, we vacate the trial court's order and remand the case for transferral to the Secretary of Education by the common pleas court.

## ORDER

NOW, May 5, 1993, the order of the Court of Common Pleas of Cumberland County in the above-captioned matter is hereby vacated and this case is remanded to the trial court with directions that it transfer the matter to the Secretary of Education.

Jurisdiction relinquished.

SMITH, J., concurs in the result only.